Gorman, J.
Opinion on application to appoint a receiver.
The plaintiff in this action alleges that he is a stockholder and creditor of the defendant company. He brings this action on behalf of himself and all other stockholders and creditors of the company. lie further alleges that the defendant is a corporation organized under the laws of Ohio, during business in Cincinnati; that it is indebted to him on account of salary in the sum of seven hundred dollars ($700); that it is indebted to divers and sundry other persons in various sums and that the creditors of the said corporation are pressing their claims for payment and are threatening to bring suits against the corporation and will do so unless a receiver is appointed; that the good will of the corporation is a valuable asset; that its business is peculiar and that it is required to order valuable goods, such as cut glass from foreign countries a long time ahead and is obliged to pay for the same a long time before it can sell and realize upon the goods so purchased; that on account of the condition of the money market and the trade, it is unable at this time to secure loans at the banks sufficient to meet its obligations -as they fall due, but that the company is amply solvent *207 and that its assets greatly exceed in value its liabilities; that unless a receiver is appointed, suits will be brought against the company by its creditors on their claims and that the assets of the company will be dissipated and its good will destroyed and irreparable injury done to the company, which has been in business in Cincinnati for over sixty years. He further alleges that there is a great profit in the sale of the articles handled by the defendant corporation and that if the business were permitted to be conducted by a receiver under the direction and order of the court, creditors would all be paid in full and the business would be saved to the creditors. The plaintiff! therefore prays that the court will administer as a trust fund the property and rights of the defendant and marshal all the assets, ascertain liens and priorities thereof, and enforce the rights and liens in equity of the creditors; that a receiver be appointed with full power and authority under the direction of the court to manage, operate and continue said business and adjust all disputes and controversies, settle and sue for and collect all indebtedness and recover all property of said defendant, and that all persons be required to deliver up forthwith to. the receiver, the property, assets, boobs of account, vouchers and papers in any way relating to the business, and that all persons be enjoined from interfering with the receiver, etc.
The plaintiff does not ask for a judgment upon his claim, but if he did ask for a judgment that would be no ground for appointing a receiver. The circuit court of this county in the case of Duckworth v. C., H. & D. Ry. Co., 2 C. C. Rep., 518, in a very exhaustive and luminous opinion prepared by that distinguished judge, James M. Smith, has laid down the rules applicable to the appointment of receivers so fully and so thoroughly, that it seems to this court that nothing can be added to that very able opinion. Upon the authority of that ease and for the reason that the allegations of this petition do not 'disclose that the plaintiff is entitled to the appointment of a receiver, it becomes the duty of the court to refuse such application, even though the defendant corporation, through its officers and counsel, join in the prayer of the petition and ask for the appoint *208 ment of a receiver. The statutes of Ohio specify the cases in which a receiver may be appointed, but none of these grounds appear in the petition.
It is not the business of courts to conduct the business of corporations, partnerships or individuals, except in certain cases where it may be necessary for a short time to preserve the assets for the benefit of creditors, and in such cases it must be warranted by law or precedent to authorize the appointment of a receiver. The insolvency laws of this state afford ample protection for insolvent corporations or corporations in imminent danger of insolvency. The bankruptcy laws of the United States 'also afford ample protection for corporations which find themselves embarrassed or unable to prosecute their business. . Courts of equity should not exercise the extraordinary power of appointing receivers except in the clearest eases and even then only when there is no adequate remedy provided by law. It must be remembered that the exercise of this extraordinary power of appointing a’ receiver by a court, which is in effect taking over all of the property of the corporation by. the court itself, is an exercise of equitable jurisdiction, and it is an elementary principle of equity that courts of chancery will not interfere in any case where there is an adequate remedy at law. It has been the custom for failing corporations'or corporations threatened with suits by creditors, to rush off to a court of equity, and secure the appointment of a receiver, thus putting itself under the protecting cloak of the court of equity to stave off its creditors and. prevent them from realizing or attempting to realize on their claims through courts of law. No chancellor would be warranted in stretching the law to. enable him to appoint a receiver for the convenience or accommodation of a corporation. . He can not in justice, read into the law that which is not there. Judicial legislation has been severely criticised by the people, and it is one of the grounds of complaint against our courts that they are continually, by judicial legislation, usurping the functions of the legislative branch of our government. There are cases in which it would be imminently proper to appoint a receiver pending the determination of some legal or equitable action which the plaint *209 iff is entitled to maintain, but the allegations of this petition do not disclose such a case. The sum and substance of the prayer of the petition is that a receiver be appointed, without asking for any legal or equitable relief. It has been urged by counsel both for the plaintiff and the - defendant company that it has been customary in this jurisdiction to appoint receivers in eases where the facts were similar to those set out in the petition, and that without objection; and it is further intimated.that such practice might be construed to mean according to the usages of equity as laid down in the sixth subdivision of Section 13894, General Code (5587, Revised Statutes). But it must be conceded upon reflection that no amount of practice of appointing receivers in unauthorized eases could ripen into a usage in equity, especially if the practice were confined to a locality and not general.
It is the duty of corporations to conduct their business through their boards of directors and managing officers, and if they fail to prosecute their business successfully in the manner provided by law, they should have no superior advantages over partnerships or individuals, but should be remitted -to the same remedies as partnerships and individuals.
Creditors are entitled to have their claims paid, and' if not paid the courts of law are open to them for the prosecution of their claims, and no court of equity should by the exercise of its extraordinary powers, interfere or attempt to interfere with the proceedings in courts of law, except in those cases in which by the ancient customs and usages of equity, the law was deficient or relief could not be afforded in courts of law.
In conclusion, therefore, the court is of opinion that there will be found no warrant of law and no precedent in equity where the question was fully considered, that would authorize the appointment of a receiver under the facts set out in the petition. For the reasons stated the .application of the plaintiff for the appointment of a receiver will be refused.